UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GISELLE PAYANO,

      Plaintiff,

v.                                          Case No. 8:23-cv-1619-VMC-AAS

WAL-MART, INC.,

      Defendant.

_____/

**ORDER**

This matter is before the Court on consideration of Defendant Wal-Mart, Inc.'s Motion to Enforce Settlement (Doc. # 42), filed on June 10, 2024. Plaintiff Giselle Payano filed a response on June 18, 2024. (Doc. # 46). For the reasons that follow, the Motion to Enforce Settlement is granted.

**I.   Background**

Payano initiated this action against Wal-Mart on July 19, 2023, asserting a claim of discrimination under 42 U.S.C. § 1981. (Doc. # 1). On August 14, 2023, Wal-Mart filed its Answer, Affirmative Defenses, and Demand for Jury Trial. (Doc. # 16). After the parties filed a Case Management Report (Doc. # 18), the Court entered a Case Management and Scheduling Order, which set the deadline for mediation as April 19, 2024. (Doc. # 19).

On September 22, 2023, Payano filed a Notice of Mediation stating that the mediation conference was to be held with court-

1

appointed Mediator F. Robert Santos on April 3, 2024, at 9:00 a.m. (Doc. # 27). On March 27, 2024, Payano filed an Amended Notice of Mediation that retained the same date for mediation. (Doc. # 30). Then, on April 2, 2024, Payano filed a Second Amended Notice of Mediation that stated the mediation conference was rescheduled to April 17, 2024, at 9:00 a.m. (Doc. # 32).

On April 22, 2024, and April 23, 2024, the Mediator filed three Mediation Reports notifying the Court that mediation did not occur on April 3, 2024, or April 17, 2024. (Doc. ## 34, 36, 37). The April 3, 2024, mediation was cancelled after Payano's counsel advised Wal-Mart and the Mediator, one day before mediation, that his client would not be able to attend the mediation because she had not made travel plans. (Doc. # 37). The April 17, 2024, mediation also did not occur because Payano failed to appear. (Id.).

Based on Payano's failure to attend mediation, the Court entered an Order directing Payano to show cause, by April 25, 2024, why the case should not be dismissed for violation of the Court's orders and for failure to prosecute. (Doc. # 35). In response, Payano explained that her flight to the Tampa Bay Area was delayed such that she only arrived at the mediation site between 12:00 p.m. and 12:20 p.m., after Wal-Mart and the Mediator had left. (Doc. # 38 at 2).

2

Even though mediation did not take place on April 17, 2024, while at the mediation site, Wal-Mart offered to settle the case for $2,500.00 with the condition that the offer must be accepted by the end of the day. (Doc. # 42 at 1). At the motion hearing, Wal-Mart's counsel emphasized that, had the parties not been able to resolve this dispute by the end of the day, she would have filed a motion for sanctions against Payano and her counsel based on Payano's failure to appear at mediation.

On April 17, 2024, at 1:37 p.m., Payano's counsel e-mailed both Wal-Mart's counsel and the Mediator to inform them that Payano accepted Wal-Mart's offer. (Doc. # 42-1 at 3). Specifically, Payano's e-mail stated, "Hi Marcela and Bobby, Ms. Payano has agreed to settle for $2.5K. Thank you for your cooperation and professionalism. Sincerely, Gil Sanchez, Esq." (Id.). Ten minutes later, Wal-Mart's counsel responded and stated, "Glad we got it resolved. We will send you a proposed release for review. Please send us your W-9 and the payee instructions. Thank you, Marcella." (Id. at 2). At 2:02 p.m., a paralegal from Payano's counsel's office e-mailed Wal-Mart the firm's W-9 and payee instructions. (Doc. # 42-2). Seven minutes later, Payano's counsel replied to Wal-Mart's counsel, stating: "Hi Marcela, Much appreciated! Have a great rest of your day! Gil." (Doc. # 42-1 at 1).

The following day, Payano's counsel contacted Wal-Mart's counsel and attempted to retract Payano's acceptance. (Doc. # 42-

3

3). He first called Wal-Mart's counsel, notifying her that he would be sending her an email to retract the acceptance. Then, at 1:13 p.m., he send her an email that read: "Marcela, Ms. Payano has directed me to retract her acceptance of the offer for $2,500.00. With kind regards, Gil Sanchez, Esq." (Id.).

## II.   Discussion

The Court "look[s] to Florida law to determine whether the parties reached an enforceable settlement agreement." BP Prods. N. Amer., Inc. v. Oakridge at Winegard, Inc., 469 F. Supp. 2d 1128, 1132 (M.D. Fla. 2007). Specifically, settlements are governed by the principles of Florida contract law. Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987) (citing Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985)). Wal-Mart bears the burden of showing that Payano assented to the terms of the agreement. See BP Prods. N. Amer., Inc., 469 F. Supp. 2d at 1133 ("The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." (citing Carroll v. Carroll, 532 So. 2d 1109, 1109 (Fla. 4th DCA 1988))).

Under Florida law, courts apply an objective test to determine whether an enforceable contract exists. Robbie v. City of Miami, 469 So. 2d 1384, 1385 (Fla. 1985). In reviewing the parties' e-mail exchanges, it matters not whether there was "the agreement of two minds in one intention, but on the agreement of two sets of external signs—not on the parties having meant the same thing but

4

on their having said the same thing." Id. (citing Blackhawk Heating

& Plumbing Co. v. Data Lease Fin. Corp., 302 So. 2d 404, 407 (Fla.

1974)). If an intent to settle is established, an enforceable

agreement exists regardless of whether a written agreement is fully

executed. See Reed ex rel. Reed v. United States, 717 F. Supp.

1511, 1517 (S.D. Fla. 1988) ("All that is required is that the

terms be clear, definite and capable of proof. . . . [T]he physical

act of signing a document is a mere formality where the parties

clearly intend to be bound." (citations omitted)), aff'd, 891 F.2d

878 (11th Cir. 1990). Nevertheless, "[s]ettlements are highly

favored and will be enforced whenever possible." Robbie, 469 So.

2d at 1385.

As a preliminary issue, the parties dispute whether a signed,

written contract was required for the agreement to be effective.

(Doc. # 42 at 7; Doc. # 46 at 5). In Florida, unless the parties

agree otherwise, a settlement agreement may exist without a formal

writing. See BP Prods. N. Amer., Inc., 469 F. Supp. 2d at 1132

("Oral settlement agreements are enforceable . . . ."); Warrior

Creek Dev., Inc. v. Cummings, 56 So. 3d 915, 917 (Fla. 2d DCA 2011)

(affirming the trial court's determination that a settlement

agreement existed when "the parties had agreed upon all of the

essential and material terms" in an e-mail). Execution of the

written settlement agreement is often merely a procedural

formality and not a condition precedent to a binding agreement.

E.g., Boyko v. Ilardi, 613 So. 2d 103, 104 (Fla. 3d DCA 1993). But "[w]here the parties intend that there will be no binding contract until the negotiations are reduced to a formal writing, there is no contract until that time." Club Eden Roc, Inc. v. Tripmasters, Inc., 471 So. 2d 1322, 1324 (Fla. 3d DCA 1985) (citing Hous. Auth. of City of Fort Pierce v. Foster, 237 So. 2d 569, 571-72 (Fla. 4th DCA 1970)). When there is no evidence of such intent, courts instead look to traditional notions of offer, acceptance, and basic contract law to determine whether an enforceable contract exists. See Giovo v. McDonald, 791 So. 2d 38, 40 (Fla. 2d DCA 2001) (analyzing offer and acceptance under Florida law).

Although Payano is correct in noting that the "execution of a final settlement agreement *can* be a condition precedent," see (Doc. # 46 at 5) (emphasis added), that principle is inapplicable to the case at hand. Here, there is no indication that the parties agreed that the settlement would only be binding once a formal writing was executed.

The e-mail exchanges indicate that both parties agreed to settle Payano's only claim against Wal-Mart for $2,500.00, a term that was present in both Wal-Mart's oral offer and Payano's acceptance e-mail. (Doc. # 46-1 at 3); see Giovo, 791 So. 2d at 40 ("[W]hat is an 'essential term' of a contract differs according to the circumstances[, but] it must include the terms specified in an offer to make a contract.").

6

The parties entered into an enforceable settlement agreement because there was an offer, an acceptance, consideration, and a meeting of the minds. Wal-Mart offered Payano $2,500.00 to settle her claim before the end of the day, indicating the terms by which Wal-Mart was willing to be bound. (Doc. # 42 at 1). And under Florida law, an "acceptance of an offer which results in an enforceable agreement must be (1) absolute and unconditional; (2) identical with the terms of the offer; and (3) in the mode, at the place, and within the time expressly or impliedly stated within the offer." Nichols v. Hartford Ins. Co. of the Midwest, 834 So. 2d 217, 219 (Fla. 1st DCA 2002) (citing Cheverie v. Geisser, 783 So. 2d 1115, 1119 (Fla. 4th DCA 2001)). The same-day response from Payano's counsel, stating, "Ms. Payano has agreed to settle for $2.5K" (Doc. # 42-1) is an absolute and unconditional acceptance of the offer. Payano's acceptance was not a counteroffer because it did not contain any additional terms to the agreement; it was a "mirror image" in all material aspects.

Consideration is also not lacking here: Payano will receive $2,500.00 in exchange for settling her claim against Wal-Mart. Additionally, because the parties "said the same thing" regarding all the essential terms of the agreement, there was a clear meeting of the minds. See Robbie, 469 So.2d at 1385 ("[T]he parties have said the same thing as to the essential elements, and the settlement should be enforced."). Thus, the parties formed a

7

binding settlement agreement. <u>See</u> <u>Spiegel v. H. Allen Holmes, Inc.</u>, 834 So. 2d 295, 297 (Fla. 4th DCA 2002) (citation omitted) (noting that when competent substantial evidence of a meeting of the minds exists, the court will enforce the settlement agreement).

The Court determines that the April 17, 2024, communications formed a complete, binding, and enforceable settlement agreement. Therefore, Wal-Mart's Motion to Enforce Settlement is granted.

Accordingly, it is hereby

**ORDERED, ADJUDICATED,** and **DECREED:**

(1)   Defendant Wal-Mart, Inc.'s Motion to Enforce Settlement (Doc. # 42) is **GRANTED**. The parties are directed to comply with the terms of the settlement.

(2)   Defendant Wal-Mart, Inc.'s Amended Motion for Summary Judgment (Doc. # 41) is **DENIED** as moot in light of this order.

(3)   Now that the Court has ruled that the settlement is enforceable, the case is **DISMISSED** with prejudice.

(4)   The Clerk is directed to **CLOSE** the case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>16th</u> of July, 2024.

8